ABRAHAM L. DAVIES, APPELLEE, V. CHARLES K. DAVIES,
APPELLANT.

FILED JUNE 12, 1912. No. 16,737.

Appeal: CONFLICTING EVIDENCE. Where a cause is submitted to a trial
jury under the issues formed by the pleadings upon conflicting
evidence, the verdict will not ordinarily be set aside.

APPEAL from the district court for Buffalo county:
BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*John A. Miller* and *Martin & Bockes,* for appellant.

*Frank E. Beeman, contra.*

REESE, C. J.

This action was commenced in the county court of
Buffalo county, where plaintiff sued for the sum of
$443.33. The cause was appealed to the district court,
where a jury trial was had, resulting in a verdict in
favor of plaintiff for $375, from which the sum of $15
was remitted, when judgment was rendered for $360.
Defendant appeals.

Plaintiff and defendant are brothers, and the apparent
feeling of animosity existing between them is to be much
deplored. The testimony of both was taken upon the trial
and abounds in contradictions and disputes on almost
every material element in the case. The petition is of
considerable length, and cannot be set out here in full,
but may be summarized as follows: That on June 23,
1908, plaintiff was employed by the Union Pacific Rail-
road Company at Columbus, and was receiving wages at
$50 a month, living in his own home, the same being paid
for on the instalment plan, and in which his wife was
keeping boarders, the same yielding an income sufficient
to meet family expenses, while plaintiff's wages were
devoted to paying the instalments due upon the home as

they matured; that defendant induced plaintiff to resign his employment, sell his home, and remove from Columbus to Kearney, by agreeing with plaintiff that if he would take care of defendant's dairy business in Kearney defendant would pay plaintiff the sum of $45 a month, furnish two men to do the work, and furnish plaintiff with feed for such live stock as plaintiff might desire to purchase; that the $45 a month should only be a part of the compensation to be received by plaintiff, and that if at the end of the year plaintiff had not made more than he was making at Columbus the defendant would pay plaintiff the difference; that, in pursuance of the contract, plaintiff sold his home in Columbus, surrendered his employment with the railroad company, sold his furniture in part, and removed his family and remaining furniture to Kearney at great expense, and took charge of defendant's dairy business, but that defendant failed to perform the conditions of his contract. The specifications of alleged failure are set out in some detail, but need not be here noticed. A statement of account is made by which it is claimed that there is $443.33 due plaintiff, and for which judgment is prayed.

The answer contains a denial of the alleged contract, and alleges, in substance, that defendant hired plaintiff and agreed to pay him $45 a month, and under the contract of hire plaintiff worked for defendant seven months and one day; that at the time of the hiring defendant told plaintiff that he would use his judgment in helping plaintiff buy some cows, and would go his security, not to exceed $400, in the purchase of cows, to be used on defendant's place, and plaintiff might keep four milch cows thereon, and defendant would pay plaintiff $4 a month for use of each of said cows, but that plaintiff failed to keep the same; that plaintiff did not purchase any cattle; that by a mutual contract thereafter made it was agreed that defendant should allow and pay plaintiff the sum of $60 a month for his services, and that the same should be in lieu of all other obligations on the part of defendant

to plaintiff and which was to be in full compensation, all of which had been paid; that plaintiff quit the employment of defendant on his own motion and was fully paid to said time. The reply was a general denial.

The whole of the testimony has been read by us, and, while much of it is not convincing to the writer, and is in some respects quite unsatisfactory, yet as the evidence was submitted to the jury, whose duty it was to decide those questions of fact, we cannot interfere, the evidence being conflicting, and the witnesses, with one exception, having testified in their presence.

It is insisted that the averment in the answer that there was a change in the contract, that plaintiff agreed to accept the $60 a month as full payment, and that the same was paid, was fully shown, not only by the evidence adduced by defendant, but by the testimony of plaintiff himself, and therefore the verdict is not sustained by the evidence, and the judgment should, for that reason, be reversed. This is true if the record clearly sustains the contention as to the state of proofs. We may assume that the testimony of defendant and his son support the claim of counsel, and yet, under the evidence, the question was for solution alone by the jury. The testimony of plaintiff does not coincide with that of defendant. It is true he accepted the increase of his wages to $60 a month, and that he testified that he received it under protest, but he nowhere admits that he received it in full satisfaction of his claims. He was called in rebuttal and interrogated as to the testimony of defendant and his son upon this point, and testified that in the conversation referred to "there was nothing said about $60, or about the change in the contract, or whether I was satisfied or not." He gave other testimony of quite similar import, and, there being a conflict, the matter was for the jury to decide. While the case is one in which, had we been the triers of fact, we might have come to a somewhat different conclusion, the whole case was submitted to the jury under proper in-

structions, and we do not see that we are called upon to interfere with the verdict.

The judgment of the district court is

AFFIRMED.